W. C. McDANIEL, Appellee, v. ANNA L. McDANIEL, Appellant.

No. 41978.

APRIL 3, 1934.

REHEARING DENIED SEPTEMBER 27, 1934.

Roy M. Harrop, for appellant.

John P. Tinley, Jr., Raymond J. Gibbons, and Hans P. Nyholm, for appellee.

ALBERT, J.— ■ On the 22d day of June, 1929, in the district court of Pottawattamie county, a divorce decree was granted to the plaintiff from the defendant. Under the stipulation certain personal property was to be turned over to the defendant and the plaintiff was to pay $30 a month for support and maintenance of their one child; the defendant was to have the care and custody of the minor child, and it was to reside with her and her mother in Council Bluffs, Iowa.

On the 23d day of June, 1932, the plaintiff, W. C. McDaniel, filed application for modification of this decree, claiming a change of circumstances. In August following, a resistance was filed by the defendant and hearing was had thereon, and on the 25th day of January, 1933, the aforesaid decree was modified ordering the child turned over to the plaintiff, and the plaintiff was relieved from the further payment of alimony provided in the former decree. From this modification appeal was taken to this court.

This being a proceeding in equity, same is triable anew in this court. The abstract is very scanty. An amendment was filed; but, taking as we must the abstract and the amendment as constituting the record, we are unable to say why the district court, under such showing as is set out therein, modified this decree. The record shows that after this divorce was granted the plaintiff married and is now maintaining a household of his own. The only thing of any importance whatever shown in the record is the testimony of the plaintiff that the defendant "had been arrested as an inmate of a disorderly house not a great while ago" (August 15, 1931, at Omaha, Nebraska). Defendant seeks to meet this testimony by an affidavit filed in this court made by the chief of police of the city of Omaha, certifying that he has examined the records of his office and there was no arrest of Anna L. McDaniel in Omaha on August 15, 1931, and no charge against her of being an inmate of a disorderly house.

■ While cases in equity are triable de novo in this court, they must be tried on the record made in the lower court. The affidavit

filed in this court, therefore, cannot be considered in the determination of this case. However, counsel for plaintiff, in his oral argument before this court, stated, in substance, with reference to the testimony of his client, W. C. McDaniel, that his client knew nothing about such arrest personally, but he had heard of the same. This, of course, is pure hearsay testimony of that kind and character upon which we do not think the district court was entitled to base a modification of this decree. It is therefore our conclusion that the modification was improperly entered, and the case is reversed.

The motion filed in this case to dismiss the appeal, as well as the motion to strike the reply brief and argument, is overruled.— Reversed.

CLAUSSEN, C. J., and KINDIG, EVANS, and DONEGAN, JJ., concur.